The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLES and LAURA GORMAN, and JESSE and BRIGITTE MCCUNE, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL CITY HOME LOAN SERVICES, INC.,<br><br>Defendant. | NO. 06-00618 RSL<br><br>DECLARATION OF ROB WILLIAMSON IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

I, Rob Williamson, am one of the attorneys for the plaintiffs in this matter.

When we first evaluated a claim for the plaintiffs in this case, we reviewed the deeds of trust of our clients as well as the loan payoff statements that were provided to them. The deeds of trust were with First Franklin Financial Corporation ("First Franklin") and the loan payoff appeared to have been generated by First Franklin Loan Services. We concluded, therefore, that First Franklin had charged the fee which is the subject of this litigation and filed suit.

///

DECLARATION OF ROB WILLIAMSON IN SUPPORT OF
PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT
(06-00618RSL) Page - 1



WILLIAMSON & WILLIAMS
L A W Y E R S
811 FIRST AVENUE
SUITE 620
SEATTLE, WA 98104
(206) 587-6834
(206) 587-6835 (FAX)
www.williamslaw.com

///

First Franklin removed, filed an answer and then a motion for summary judgment. It was only at that time I learned that we had named the wrong defendant. It is our belief that the proper defendant in these cases is the business entity that charges and collects the improper fees at issue. Thereafter I had several conversations with defendant's counsel, all in good faith and in the spirit of cooperation, to address the issue of naming the proper party. During those conversations I repeatedly expressed my desire to create a setting in which the parties could fully and fairly frame the issues for briefing. In my mind those issues were the defendant's preemption claims and the application of paragraph 20, the so-called grievance notice provision.

I believed that the critical issue for defendant with respect to the grievance was whether an individual could give class wide notice. I anticipated that defendant would argue the grievance process required individual grievances from each borrower and one individual could not satisfy that obligation for all. While I did not agree with that view, I understood defendant would wish to argue it. Accordingly, and in order to posture this case so this issue would be fully before the Court, we sent a new notice to defendant before filing this case.

At no time was it my intention to circumvent the ruling of Judge Pechman in the case involving First Horizon. That is the only case where the grievance at issue was not given prior to filing among the various cases involving payoff fees now before this Court, and it will not happen again. My intention was to permit defendant to challenge whether notice from one

DECLARATION OF ROB WILLIAMSON IN SUPPORT OF
PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT
(06-00618RSL) Page - 2



WILLIAMSON
& WILLIAMS
L A W Y E R S

811 FIRST AVENUE
SUITE 620
SEATTLE, WA 98104
(206) 587-6834
(206) 587-6835 (FAX)
www.williamslaw.com

borrower could be given for the class, and I thought defendant understood and accepted this strategy. Any inference from defendant's summary judgment motion that I was seeking to evade the impact of Judge Pechman's decision or otherwise skirt the grievance question should be rejected.

I declare under penalty of perjury of the laws of the State of Washington that the foregoing statements are true and correct.

Dated: August 14, 2006, at Seattle, Washington


/s/ Rob Williamson
Rob Williamson

DECLARATION OF ROB WILLIAMSON IN SUPPORT OF
PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT
(06-00618RSL) Page - 3



WILLIAMSON
& WILLIAMS
L A W Y E R S
811 FIRST AVENUE
SUITE 620
SEATTLE, WA 98104
(206) 587-6834
(206) 587-6835 (FAX)
www.williamslaw.com