1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHARLES GORMAN, *et al.*,

       Plaintiffs,

    v.

NATIONAL CITY HOME LOAN
SERVICES, INC.,

       Defendant.

Case No.  C06-618RSL

ORDER GRANTING MOTION
TO STAY AND REMOVING
CASE FROM ACTIVE CASELOAD

      This matter comes before the Court on plaintiffs' motion to stay this case (Dkt. #47) until after the Supreme Court rules in <u>Wachovia Bank, N.A. v. Watters</u>, 431 F.3d 556 (6th Cir. 2005), *cert. granted*, (June 20, 2006).  Oral argument was scheduled on that case on November 29, 2006.

      Defendant National City Home Loan Services, Inc. ("National City") currently has a motion for summary judgment pending.  Oral argument is scheduled on that motion for December 5, 2006.  This Court has taken the unusual step of ruling on the motion to stay in advance of receiving plaintiffs' reply memorandum, due on December 1, 2006, in order to issue a ruling sufficiently in advance of the scheduled December 5, 2006 hearing.

      Defendant's pending motion is based primarily on its contention that plaintiffs' claims must be dismissed in their entirety because they are preempted by regulations of the United

ORDER GRANTING MOTION TO STAY AND
REMOVING CASE FROM ACTIVE CASELOAD - 1

1    States Treasury Department, Office of the Comptroller of the Currency ("OCC").  Plaintiffs

2    counter that the federal laws do not apply to operating subsidiaries of national banks like ABN

3    AMRO.  As in this case, one of the parties in <u>Wachovia Bank, N.A.</u> argued that wholly owned

4    subsidiaries of national banks are subject to state regulation, and the relevant state laws and

5    regulations are not preempted.  Specifically, the case presents the issue of whether the OCC

6    exceeded its congressionally delegated authority by promulgating 12 C.F.R. § 7.4006, which

7    expands the definition of "national bank" to include operating subsidiaries.  <u>Wachovia Bank,</u>

8    <u>N.A.</u>, 431 F.3d at 559-560.  Other courts, including the Ninth Circuit, have held that preemption

9    applies to claims against operating subsidiaries to the same extent as their parent national banks.

10           National City opposes the motion, arguing that its motion for summary judgment was also

11   based in part on its contention that plaintiffs' claims must be dismissed because they failed to

12   give the contractually required notice prior to filing suit.  National City also alleged that

13   plaintiffs' claims are moot because it refunded their fees.  However, in <u>Gerber v. First Horizon</u>

14   <u>Home Loans Corp.</u>, C05-1554P (W.D. Wash. 2005), the court held that the lack of notice

15   doomed plaintiff's breach of contract claim, but not his claims for unjust enrichment and

16   violations of the Consumer Protection Act.  Although this Court has not yet considered the issue

17   and expresses no opinion on the merits, it notes that the preemption argument, if successful,

18   would dispose of the entire case.

19           National City also argues that a stay would be inconsistent with judicial economy and

20   fairness, particularly since this litigation has been pending since August 2005.  That argument is

21   well taken.  Plaintiffs filed a putative class action against First Franklin Financial Corporation

22   ("First Franklin") in King County Superior Court in July 2005.  First Franklin removed the case

23   to this court.  <u>Gorman v. First Franklin Fin. Corp.</u>, C05-1533Z (W.D. Wash. 2005).  Plaintiffs

24   did not provide First Franklin with notice or an opportunity to take corrective action prior to

25   filing suit, although the contract required them to do so.  First Franklin subsequently filed a

26   motion for summary judgment based on the lack of notice, among other issues.  Before the

27

28   ORDER GRANTING MOTION TO STAY AND
     REMOVING CASE FROM ACTIVE CASELOAD - 2

1    briefing was complete on that motion, plaintiffs realized that National City was the proper

2    defendant.  On January 30, 2006, the parties filed a stipulation agreeing to substitute National

3    City as the proper defendant.  Before plaintiffs filed their amended complaint, the court in

4    Gerber dismissed plaintiff's breach of contract claim.  The parties subsequently filed a

5    stipulation to dismiss the First Franklin lawsuit, which was approved on June 29, 2006.

6    Meanwhile, plaintiffs' counsel sent a letter to National City notifying it of their intent to file the

7    instant lawsuit.  Plaintiffs filed this lawsuit against National City on May 2, 2006.  National City

8    has waited a significant amount of time to resolve this litigation, and the delays have been due to

9    factors outside its control.  Those factors weigh against a stay.

10          However, additional factors weigh in favor of granting a stay.  Wachovia Bank, N.A.

11   includes review by the Supreme Court of a key issue in this case.  Although National City argues

12   that the issue arises in a different context, the broader issue is essentially the same.  Wachovia

13   Bank, N.A., 431 F.3d at 557 ("The question before us is whether the National Bank Act and

14   regulations promulgated by the [OCC] preempt Michigan banking laws concerning operating

15   subsidiaries of nationally chartered banks").  As set forth above, the preemption issue could

16   resolve the entire case.  Moreover, the delay in awaiting the Supreme Court's ruling is not likely

17   to be protracted.  Finally, once the case is stayed, National City will not incur additional

18   expenses defending the case.  In contrast, if the Court decides the issue now in a manner that

19   conflicts with the Supreme Court's ruling, both parties will be forced to incur additional and

20   needless expenses.

21          For all of the foregoing reasons, plaintiffs' motion to stay the case (Dkt. #47) is

22   GRANTED.  The case shall be stayed until after the Supreme Court rules in the case of

23   Wachovia Bank, N.A. v. Watters, 431 F.3d 556 (6th Cir. 2005), cert. granted, (June 20, 2006).

24   The December 5, 2006 hearing date in this case is stricken.

25          It is hereby ORDERED that this action is stayed and shall be removed from the Court's

26   active caseload until further application by the parties or order of this Court.  The parties shall,

27

28   ORDER GRANTING MOTION TO STAY AND
     REMOVING CASE FROM ACTIVE CASELOAD - 3

within fifteen days of the Supreme Court's ruling in <u>Wachovia Bank, N.A. v. Watters</u>, submit a joint report in this case notifying the Court of the outcome of that case and requesting that the case be reopened.  At that time, defendant may also file a notice re-noting its pending dispositive motion on the Court's motions calendar.

DATED this 30th day of November, 2006.

*MrR S Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION TO STAY AND
REMOVING CASE FROM ACTIVE CASELOAD - 4